MARGUERITE SCHLEICHER, ET AL. *v.* GARY NATIONAL BANK

[No. 20,654. Filed November 18, 1968. Rehearing denied December 30, 1968. Transfer denied April 1, 1969.]

Porter R. Draper, Hodges, Davis, Gruenberg & Draper, of Gary, for appellants.

Albert H. Gavit, Albert H. Gavit, Jr., Gavit and Gavit, of Gary, for appellee.

CARSON, C. J.—This action was originally filed in the Lake Superior Court and was subsequently venued to the Porter Superior Court, from which this appeal is taken. The issues below, were formed by plaintiff-appellants' amended petition for removal of defendant-appellee, as Executor of the Estate of Paul E. Schleicher, Sr., deceased; defendant-appellee's answer; and, a reply, filed to the answer. The pleadings thus filed, served to present two issues:

1. The removal of appellee as Executor of the Estate; and,

2. The right of the estate to recover *ex parte* surcharges and attorney fees which had been disbursed previous to the filing of the petition for removal.

Trial started on April 26, 1965, and hearings were held intermittently. Appellee tendered its resignation as Executor of the Estate of Paul E. Schleicher, Sr., on September 28, 1965, which served to render moot, the issue of its removal. Judgment was rendered, January 14, 1966, and reads as follows:

"Come now the parties hereto, in court in person and by counsel, and the court having heard all of the evidence and the argument of counsel, and now being duly advised in the premises, finds for the respondent and against the

Petitions, that the petitioners take nothing by way of their petition.

"THIS IS THEREFORE, ORDERED, ADJUDGED AND DECREED, by the court, that the defendants prevail in this action and the plaintiffs take nothing by way of their complaint, costs vs. plaintiff."

The judgment was amended on July 1, 1966, by addition of the following:

"This is without prejudice to the matter of executor's and attorney's fees being open and reviewable on respondent's final report, because the court finds that it has no jurisdiction over such matters."

The assignment of errors filed by appellants contains the sole assertion that the court erred in overruling the motion for a new trial. The motion for a new trial presents the contention that the decision of the court is contrary to law.

Appellant maintains error in the trial court's determination that there was no jurisdiction in the Porter Superior Court to pass upon the issue of attorney fees and surcharges. In support of this contention, appellants advance various principles. Among these, are that the issue presented would have been properly considered as misjoinder of causes or lack of jurisdiction of the particular case (venue), and since neither was raised by timely objection, they were waived.

Appellants contend that the Porter Superior Court, being a court of general jurisdiction, acquired upon the change of venue, the same jurisdiction of the subject matter, as rested in the Lake Superior Court.

Although appellants have presented a highly commendable argument and their appeal is not lacking in merit, we feel the legislature has provided for this contingency. The legislature has provided wherein jurisdiction of the issue here presented will lie.

The Acts of 1881 (Spec. Sess.), ch. 45, § 1, p. 423; being Burns' Anno. Stats., § 6-151; and, Acts of 1935, ch. 71, § 1, p. 199; being Burns' Anno. Stats., § 2-1403; respectively provide:

> "*The court granting the letters shall have exclusive jurisdiction of all matters touching the settlement and distribution of the estate whereon said letters shall have been granted*" (Our emphasis).

> "*That nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent, . . .*" (Our emphasis).

From a review of these provisions, we are compelled to conclude that exclusive jurisdiction of objections to *ex parte* attorney fees and surcharges remained in the Lake Superior Court and the Porter Superior Court was thereby precluded from passing upon the issue. The amended judgment of the Porter Superior Court must be affirmed without prejudice.

Judgment affirmed.

Cooper, Faulconer and Prime, JJ., concur.

NOTE.—Reported in 241 N. E. 2d 803.